

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTHONY VOLIVA,

    Plaintiff,

v.                                          Civil Action No. 3:15CV359–HEH

KEN STOLLE, *et al.*,

    Defendants.

## MEMORANDUM OPINION
### (Dismissing 42 U.S.C. § 1983 Action As Moot)

Anthony Voliva, a former Virginia prisoner proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915(e)(2).

### I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by an individual proceeding *in forma pauperis* if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless."

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

*Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

## II. Summary Of Allegations

Voliva filed the present action while he was incarcerated in the Virginia Beach Correctional Center. In his complaint, Voliva complains that the Sheriff Stolle and his deputies have failed to keep the shower at the Virginia Beach Correction Center sufficiently clean and sanitary. Voliva seeks injunctive relief in the form of ordering that the shower be cleaned on a quarterly basis. Since the filing of the Complaint, Voliva has been released from incarceration. (ECF No. 10.)

## III. Analysis

"[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) (citing *Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *Taylor v. Rogers*, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986)). Accordingly, the action will be dismissed as moot because Voliva is no longer incarcerated in the Virginia Beach Correctional Center.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: March 18, 2016
Richmond, Virginia